UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-CR-10263-GAO |
| DYLAN FONTES, | |
| Defendant | |

**MEMORANDUM IN SUPPORT OF SENTENCING RECOMMENDATION**

**BACKGROUND[1]**

The government requests that the Court impose a sentence of 18 months of incarceration which represents the mid-range of the Guideline Sentencing Range ("GSR"). PSR ¶80. The circumstances justify the government's 18 month recommendation, which is based upon the seriousness of the offense, the two firearms that were recovered from the defendant's home at the time of his arrest, and also for his timely plea. The government also seeks a term of supervised release of three years aimed at preventing the defendant from returning to drug crimes and incentivizing gainful employment.

**I.      THE ADVISORY SENTENCING GUIDELINES**

On March 7, 2019, Dylan Fontes pled guilty to Count One of the Indictment alleging distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1).

The final presentence investigation report ("PSR") issued by Probation determined that the defendant's Base Offense Level was 12 pursuant to USSG §2D1.1(c)(14). See PSR ¶21. A two-level increase applies for possessing a dangerous weapon (a firearm) under USSG

---

[1] References to the presentence investigation report are by paragraph (PSR ¶_).

§2D1.1(b)(1).  See PSR ¶22.  Additionally, the defendant is entitled to a two-level reduction for acceptance of responsibility under USSG §3E1.1(a).  See PSR ¶28.  Thus, the resulting total offense would be 12.  See PSR ¶29.

The PSR also set the defendant's criminal history category at III based on the defendant's record of convictions.  See PSR ¶37.  Specifically, the defendant was determined to have two adult convictions that were counted –- drug distribution and assault and battery by means of a dangerous weapon -- and one continuation without a finding (CWOF) for possession of ammunition which was also counted.  See PSR ¶¶32-35.

The corresponding guideline sentencing range is therefore 15-21 months.  See PSR ¶80. The government contends that its recommendation of 18 months is reasonable based upon the facts and circumstances of this case and the defendant's criminal history.

## II.   SUMMARY OF EVIDENCE[2]

On July 9, 2018, a cooperating witness ("CW-1") working with police officers received a call from an individual known to him as "J" and attempted to arrange a purchase of $100 of fentanyl and $100 of crack cocaine. See PSR ¶9. The defendant was later identified as this individual.  The defendant offered to sell cocaine powder to CW-1 in fifteen minutes but the transaction was not completed.   See PSR ¶9.

On July 24, 2018, at approximately 1:21 p.m., CW-1 called the defendant to purchase $100 of unspecified drugs and they agreed to meet at a specific location.  See PSR ¶10-14. Officers gave CW-1 a transmitter, two audio/video recording devices, and $200 in buy money. See PSR ¶10-14.At approximately 2:46 p.m., CW-1 entered the passenger seat of the SUV driven by the defendant.  See PSR ¶10-14. The defendant handed CW-1 a clear, plastic bag

---

[2] The facts are drawn from the offense conduct stated in the PSR ¶¶8-16.

containing a white powder, telling him "that's 2.5" and stating that CW-1 owed him $100 for

"that." See PSR ¶10-14. The defendant told CW-1 that he was also willing and able to sell CW-1

a higher quantity of drugs for $350.  See PSR ¶10-14. The DEA lab confirmed that the substance

was 1.958 grams of fentanyl. See PSR ¶10-14.

Officers positively identified the defendant, DYLAN FONTES, as "J" from the video

recording and confirmed this by viewing the defendant's Registry of Motor Vehicles photo.  See

PSR ¶10-14.  On July 31, 2018, CW-1 positively identified the defendant as the individual who

sold him drugs on July 24, 2018 from a photo lineup of the defendant and seven filler photos.

See PSR ¶10-14.

On August 23, 2018, agents arrested the defendant at 13 Bay Drive in Canton, MA.  See

PSR ¶15-16.  While searching the premises, agents seized two .40 caliber Glock pistols which

contained seventeen rounds of ammunition and seven loose rounds of ammunition.  See PSR

¶15-16.  Agents also seized $23,022 in US currency, a money counter, and a drug scale with

white residue. See PSR ¶15-16.

## ARGUMENT

### III.     18 U.S.C. § 3553 FACTORS

#### a.     The Defendant's Criminal History

The defendant's criminal history includes possession of a Class B controlled substance

with intent to distribute, illegal possession of ammunition, and assault and battery with a deadly

weapon.  See PSR ¶¶32-35.  As such, a mid-range guidelines sentence is appropriate for this

defendant.

In 2012, the defendant was convicted of possession with intent to distribute a Class B

drug, Percocet.  He received the benefit of a continuance without a finding and one year of

probation, which the defendant violated in 2013.  See PSR ¶32.

Less than a year after completing probation, the defendant was arrested in 2014 and was subsequently convicted for assault and battery with a dangerous weapon (a motor vehicle), failure to stop for police, operating recklessly, and leaving the scene of an accident with property damage.  Notably, the defendant struck an approaching police officer and another car before traveling away at a high speed.  He was sentenced to one year in the house of corrections with 120 days to serve.  See PSR ¶33.

In 2015, the defendant was arrested after fleeing a police officer in a motor vehicle, during which he drove onto the sidewalk and narrowly avoided colliding with the officer's car. Officers found a bullet hole in the driver's side rear passenger door and recovered a 9mm shell casing on the driver's side floor.  The defendant was convicted of possession of ammunition without an FID card, operating a motor vehicle recklessly, use of a motor vehicle without authority, and operating a motor vehicle after his license was revoked.  See PSR ¶34. Significantly, police reports identified the defendant as an active Perkins Avenue gang member involved in firearm violence in the city of Brockton and this has been confirmed with officer conducted surveillance; the defendant denied his gang membership.  See PSR ¶34, 66.

Most recently, in 2017, the defendant was arrested for willful trespass and entered a plea of no contest.  This conviction was not counted because the term of probation for trespassing was not more than one year.  See USSG §4A1.2(c)(1); PSR ¶35.

The defendant's criminal history, which includes multiple convictions for drug possession with intent to distribute, possession of ammunition, assault and battery with a dangerous weapon should merit a mid-level guidelines sentence.  Such a sentence is certainly warranted when the defendant engages in drug crimes and possesses multiple firearms.  A mid-

range sentence properly considers this defendant's criminal history and accounts for it.

**b.   <u>Nature of the Offense</u>**

While a relatively small amount of narcotics is involved in this case, drug distribution destroys lives.  Furthermore, the items seized by police officers during the arrest and the defendant's past convictions for ammunition possession and drug possession with intent to distribute indicate a drug operation of a greater magnitude than this particular transaction might suggest.

At the scene of the arrest, officers seized two .40 Glock pistols loaded with seventeen rounds of ammunition, seven loose rounds of ammunition, $23,022 in US currency, a money counter, and a drug scale with white residue.  <u>See</u> PSR ¶16.  These items, coupled with the defendant's history, support an inference that the defendant is a dangerous individual who is willing to use violence to protect his drug operations.

Additionally, the defendant, who purportedly has a GED and has the benefit of training and experience in the cleaning industry, made a decision to commit this crime when other lawful options were available to him.  <u>See</u> PSR ¶¶ 71-72. A mid-range, as opposed to low-end, guidelines sentence accounts for these considerations.

**c.   <u>Specific and General Deterrence</u>**

The Court should also consider deterring both the defendant and others.  <u>See</u> 18 U.S.C. § 3553(a)(2)(B) (the court may impose a sentence "to afford adequate deterrence to criminal conduct").  The government's recommended sentence aligns with this goal of sentencing as well.

**1.   The Need for Specific Deterrence**

Despite arrests and convictions, including possession with intent to distribute Percocet, the defendant has failed to learn that the criminal justice system will punish those who constantly ignore the law.  Instead, he has chosen to distribute fentanyl in the city of Brockton.  A message

of specific deterrence would carry weight for this defendant

### 2.   The Need for General Deterrence

The requested sentence also serves important purposes of general deterrence.  The government requests that a message be sent to others, like the defendant, who facilitate drug addiction and overdose deaths plaguing Massachusetts.  The message should be clear, that selling drugs will not be accepted.  See 18 U.S.C. § 3553 (a)(1)(B) (sentencing goals include the need to afford adequate deterrence to criminal conduct).

## IV.   SUPERVISED RELEASE CONDITIONS

### a.   Vocational and Educational Training

The defendant has training and work experience in the cleaning industry.  PSR ¶72.  The government believes that the court should make a judicial recommendation that the defendant participate in vocational training in order help prepare him to enter the workforce upon release from imprisonment.  Such training will formalize his skills and work experience and provide him with increased prospects for employment and promotion.

## CONCLUSION

Considering the defendant's criminal history of drug crimes and ammunition possession, his gang membership, and the presence of two firearms, $23,022 in cash, and a drug scale at the scene of the arrest, a mid-level guidelines sentence is appropriate. For the foregoing reasons, the government recommends that the Court sentence the defendant to a term of imprisonment of 18 months, followed by three years of supervised release with the conditions discussed above.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:

*/s/ Philip A. Mallard*
PHILIP A. MALLARD
Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston MA 02210
617-748-3674

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Philip A. Mallard*
PHILIP A. MALLARD
Assistant U.S. Attorney

June 6, 2019